**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

IN RE:

 ANDRENA DIANE CROCKETT
   DEBTOR/APPELLANT

 ANDRENA DIANE CROCKETT,

        Debtor/Appellant,

 v.

 NATIONSTAR MORTGAGE, LLC
 D/B/A MR. COOPER,

        Creditor/Appellee.

Civ. Action No. 20-2545
(EGS)

Bankr. Case No. 19-101
(Chapter 13)

Adversary Proceeding No.
19-10030
(Bankr. Court)

<u>**MEMORANDUM OPINION**</u>

    Andrena Diane Crockett ("Ms. Crockett") appeals the

Bankruptcy Court's *Memorandum Decision and Order re Motion*

*To Dismiss*; *Judgment Dismissing Adversary Proceeding*; *Order*

*Dismissing Two Miscellaneous Motions as Moot*;[1] and *Memorandum*

*Decision and Order Denying Motion to Reconsider Judgment*

*Dismissing Adversary Proceeding. See* Transmittal of Record on

Appeal ("A.R."), ECF No. 2 at 8-40 (Memorandum Decision and

Order re Motion to Dismiss), 41-42 (Judgment Dismissing

---

[1] The Court may consider the Order Dismissing Two Miscellaneous
Motions as Moot even though it was not transmitted as part of
the Record on Appeal. *See* Fed. R. Bankr. P. 8009(e)(2).

Adversary Proceeding), 43-50 (Memorandum Decision and Order Denying Motion to Reconsider Judgment Dismissing Adversary Proceeding); Order Dismissing Two Miscellaneous Motions as Moot, *Crockett v. Nationstar Mortg., LLC d/b/a Mr. Cooper (In re Crockett)*, No. 19-ap-10030 (Bankr. D.D.C.), ECF No. 27.[2] Upon consideration of the briefing, the applicable law, and the entire record, this Court **AFFIRMS** the Bankruptcy Court's Memorandum Decision and Order re Motion to Dismiss; **AFFIRMS** the Bankruptcy Court's Judgment Dismissing Adversary Proceeding; **AFFIRMS** the Bankruptcy Court's Order Dismissing Two Miscellaneous Motions as Moot; and **AFFIRMS** the Bankruptcy Court's Memorandum Decision and Order Denying Motion to Reconsider Judgment Dismissing Adversary Proceeding.

## I. Background

The Court assumes the parties' familiarity with the factual background of this case, as set forth in its July 20, 2023 Memorandum Opinion. *See In re Crockett*, No. BR 19-101, 2023 WL 4637000, at *1-2 (D.D.C. July 20, 2023). The Court therefore reviews only the relevant procedural history here.

Ms. Crockett filed the Complaint in this Adversary Proceeding on November 15, 2019. *See Crockett*, No. 19-ap-10030

---

[2] When citing electronic filings throughout this Opinion, the Court cites to the ECF page number, not the page number of the filed document.

(Bankr. D.D.C.), ECF No. 1. On December 26, 2019, Nationstar filed its Motion to Dismiss all ten claims raised in the Complaint. *See id.*, ECF No. 4. The Bankruptcy Court for the District of Columbia ("Bankruptcy Court") granted Nationstar's motion in its Memorandum Decision and Order re Motion to Dismiss on January 27, 2020. *See* A.R., ECF No. 2 at 8-40 (Memorandum Decision and Order re Motion to Dismiss).

In that ruling, the Bankruptcy Court granted Ms. Crockett "leave to file an amended complaint regarding [her] claims under RESPA and its regulations (other than her claim based on 12 C.F.R. § 1024.38) within 21 days of the entry of this *Memorandum Decision and Order*." *Id.* at 39-40. Ms. Crockett did not file an amended complaint. *See generally* Docket for Bankr. Action No. 19-10030. As a result, the Bankruptcy Court entered its Judgment Dismissing Adversary Proceeding on March 16, 2020. *See* A.R., ECF No. 2 at 41-42 (Judgment Dismissing Adversary Proceeding).

Ms. Crockett then moved for relief from the Judgment Dismissing Adversary Proceeding. *See Crockett*, No. 19-ap-10030 (Bankr. D.D.C.), ECF No. 26. On August 27, 2020, the Bankruptcy Court denied her motion. *See* A.R., ECF No. 2 at 43-50 (Memorandum Decision and Order Denying Motion to Reconsider Judgment Dismissing Adversary Proceeding).

Ms. Crockett filed a Notice of Appeal on September 8, 2020. *See Crockett*, No. 19-ap-10030 (Bankr. D.D.C.), ECF No. 34. This appeal is ripe for review.

## II. Standard of Review

### A. Appeals of Decisions by the Bankruptcy Court

This Court has jurisdiction over appeals of decisions by the Bankruptcy Court. *See* 28 U.S.C. § 158(a)(1) (conferring jurisdiction on federal district courts "to hear appeals ... from final judgments, orders, and decrees" of bankruptcy courts). On appeal from a bankruptcy court, a district court "may affirm, modify, or reverse a bankruptcy judge's judgment, order, or decree or remand with instructions for further proceedings." Fed. R. Bankr. P. 8013.

A district court reviews a bankruptcy court's findings of fact only for indication that they are clearly erroneous. *Id.*; *see also In re Johnson*, 236 B.R. 510, 518 (D.D.C. 1999). "A finding [of fact] is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *In re Johnson*, 236 B.R. at 518 (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). A bankruptcy court's legal conclusions, however, are reviewed *de novo*. *See In re WPG, Inc.*, 282 B.R. 66, 68 (D.D.C. 2002) (citing *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 405

(1990)). The party seeking to reverse the bankruptcy court's ruling bears the burden of proof and may not prevail by showing "simply that another conclusion could have been reached." *Id.* (internal quotation marks omitted). Finally, a district court reviews a bankruptcy court's exercise of discretion under an abuse of discretion standard. *See In re Douglas*, 477 B.R. 274, 275 (D.D.C. 2012) (collecting cases).

**B. Pro Se Litigants**

"[P]ro se litigants are not held to the same standards in all respects as are lawyers." *Roosevelt Land, LP v. Childress*, No. CIV.A. 05-1292(RWR), 2006 WL 1877014, at *2 (D.D.C. July 5, 2006) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). The pleadings of pro se parties therefore "[are] to be liberally construed." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (citation and internal quotation marks omitted). Even so, "[t]his benefit is not . . . a license to ignore the Federal Rules of Civil Procedure." *Sturdza v. United Arab Emirates*, 658 F. Supp. 2d 135, 137 (D.D.C. 2009) (citing *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987)). Pro se litigants must comply with federal and local rules. *See Jarrell*, 656 F. Supp. at 239; *Roosevelt Land*, 2006 WL 1877014, at *2.

## III. Analysis

### A. The Court Will Not Dismiss This Appeal Despite Ms. Crockett's Failure to Timely File and Serve Required Documents

Nationstar contends that the Court may dismiss this appeal for two reasons: (1) Ms. Crockett's failure to timely file her opening brief; and (2) Ms. Crockett's failure to timely file or serve her Rule 8009 Designation of Record or Statement of Issues on Appeal. *See* Appellee's Br., ECF No. 11 at 6. For the reasons that follow, the Court will entertain this appeal.

#### 1. The Court Declines to Dismiss This Appeal Despite Ms. Crockett's Failure to Timely File Her Appellant Brief

Federal Rule of Bankruptcy Procedure 8018(a)(4) states that "the district court . . . , after notice, may dismiss the appeal on its own motion" when "an appellant fails to file a brief on time or within an extended time authorized by the district court." Fed. R. Bankr. P. 8018(a)(4). The Court of Appeals for the District of Columbia Circuit ("D.C. Circuit") has declined "to impose on district courts any hard-and-fast rule" to govern summary dismissals of bankruptcy appeals. *Eng.-Speaking Union v. Johnson*, 353 F.3d 1013, 1022 (D.C. Cir. 2004). Instead, it has expressed a "preference for an adjudication on the merits and a corresponding disfavor for resolving litigation by default." *Canady v. Erbe Elektromedizin GmbH*, 307 F. Supp. 2d 2, 9 (D.D.C. 2004). District courts therefore should "consider[] the

circumstances before them and explain[] why it is in the interest of justice to dismiss rather than to proceed to the merits." *Eng.-Speaking Union*, 353 F.3d at 1022.

Here, Ms. Crockett filed her Notice of Appeal on September 8, 2020, and the Clerk of this Court entered it on September 9, 2020. *See* Transmittal of Notice of Appeal, ECF No. 1. The Clerk of the Bankruptcy Court transmitted the Record on Appeal on November 30, 2020. *See* A.R., ECF No. 2. This Court granted Ms. Crockett's motion for an extension of time to file and ordered that she submit her appellant brief by January 27, 2021. *See* Minute Order (Jan. 25, 2021). The docket does not show that any brief was filed on or before January 27, 2021. *See generally* Docket for Civ. Action No. 20-2545. In fact, the appellant brief first appears on the docket for this case on July 19, 2021 as an addendum to Ms. Crockett's motion for an extension of time to file her reply brief. *See* Appellant's Br., ECF No. 12 at 7-35.

Nationstar noted the absence of Ms. Crockett's appellant brief in its opposition, stating that she sent its counsel an email with her brief as an attachment. *See* Appellee's Br., ECF No. 11 at 4 n.1, 6.[3] In response, Ms. Crockett requested a 30-day extension to file her reply brief in order "to research the missing filing and correct and update the [U.S.] District Court

---

[3] Nationstar does not identify the date on which she sent that email. *See* Appellee's Br., ECF No. 11 at 6.

docket." Consent Mot., ECF No. 12 at 2.[4] She explains that the "docket does not reflect the filing of [her] Appellant brief on January 14, 2021." *Id.* Later, in her reply brief, Ms. Crockett claims that she corrected the record on July 18, 2021 by hand-delivering a copy of "[a] timely electronic filing dated January 14, 2021" and depositing the copy in the Court's after-hours box. Appellant's Reply, ECF No. 14-1 at 7. She also supplies a copy of the email she purportedly sent to the Court with her appellant brief attached. *See* Ex. A, ECF No. 12 at 5 (January 14, 2021 email from Ms. Crockett to the Court).

Despite these arguments, the Court still does not have any record of an electronic filing on January 14, 2021, *see generally* Docket for Civ. Action No. 20-2545; and does not possess a physical copy of Ms. Crockett's appellant brief. According to federal rules, then, this appeal is subject to dismissal. *See* Fed. R. Bankr. Proc. 8018(a)(4).

Nevertheless, the circumstances in this case and the interest of justice counsel against dismissal. Most significantly, there is little risk of prejudice to Nationstar. Nationstar received Ms. Crockett's appellant brief at some time

---

[4] Ms. Crockett also explains that she needed additional time to file her reply brief because "she needed to be out of town" and "also had to be focused on other personal obligations requiring immediate attention" "[d]ue to the COVID-19 pandemic" and related restrictions. *See* Consent Mot., ECF No. 12 at 2.

before filing its brief in opposition. *See* Appellee's Br., ECF
No. 11 at 4 n.1. Indeed, Nationstar's appellee brief clearly
responds to the points Ms. Crockett raises in her appellant
brief. *See id.* at 6 n.4 ("All references herein to Appellant's
Brief are to the unfiled brief that was emailed to undersigned
counsel."). Moreover, continuing to the merits serves important
public policy interests, including the public interest favoring
disposition of cases on their merits, the public interest
favoring prompt resolution of cases, and the public interest in
conservation of judicial resources. *See In re Fletcher Int'l,
Ltd.*, 536 B.R. 551, 558-60 (S.D.N.Y. 2015), *aff'd sub nom. In
the Matter of: Fletcher Int'l, Ltd.*, 661 F. App'x 124 (2d Cir.
2016). Accordingly, the Court will consider Ms. Crockett's
appeal despite her failure to properly file her appellant brief.

## 2. The Court Declines to Dismiss This Appeal Despite Ms. Crockett's Failure to File and Serve a Designation of Record and Statement of Issues on Appeal

Federal Rule of Bankruptcy Procedure 8009 states that an
"appellant must file with the bankruptcy clerk and serve on the
appellee a designation of the items to be included in the record
on appeal and a statement of the issues to be presented" "within
14 days after[] the appellant's notice of appeal as of right
becomes effective." Fed. R. Bankr. P. 8009(a)(1). Local Rules
provide that the Court, "after notice and reasonable opportunity
to respond, may dismiss the appeal on its own motion" in cases

where "an appellant fails timely to designate items to be included in the record on appeal or to file a statement of the issues to be presented." LCvR 8009-1.

There is no dispute that Ms. Crockett failed to timely file and serve a designation of record and statement of issues on appeal.[5] *See* A.R., ECF No. 2 at 2 (Clerk of Bankruptcy Court stating that "[t]he appellant failed to file a designation of the record and a statement of issues on appeal"); *see also* Consent Mot., ECF No. 12 (not addressing issue); Appellant's Br., ECF No. 12 (same); Appellee's Br., ECF No. 11 ("As of the filing of this Appellee Brief, Appellant has still not filed, or served, her Rule 8009 Designation of Record or Statement of Issues on Appeal."); Appellant's Reply, ECF No. 14-1 (not addressing issue). The appeal is therefore subject to dismissal on this ground. *See* LCvR 8009-1.

The D.C. Circuit has not directly addressed this issue. Accordingly, the Court assesses the appropriateness of dismissal on this ground using the same standard the D.C. Circuit has imposed for assessing whether dismissal is appropriate for failure to timely file an appellant brief. *See supra*; *Eng.-*

---

[5] Ms. Crockett filed a Notice of Filing of Appellant's Statement of Issue and Designation of Record on Appeal with this Court on January 6, 2021. *See* ECF No. 8. However, she never filed this document with the Bankruptcy Court as required by Rule 8009. *See generally* Docket for Bankr. Action No. 19-10030.

*Speaking Union*, 353 F.3d at 1022. Based on that standard, the
Court concludes that dismissal is not warranted here. It appears
unlikely that any party will be prejudiced if the Court hears
this appeal. The Clerk of the Bankruptcy Court transmitted to
this Court portions of the record, *see* A.R., ECF No. 2 at 2
(citing Fed. R. Bankr. P. 8009(a)(4)); and the Court may refer
to other documents from the Bankruptcy Court as needed, *see* Fed.
R. Bankr. P. 8009(e)(2). The parties have completed briefing
without raising any problems with the existing Record on Appeal.
*See generally* Appellant's Br., ECF No. 12; Appellee's Br., ECF
No. 11; Appellant's Reply, ECF No. 14-1. Further, as above,
entertaining this appeal despite Ms. Crockett's failure to file
serves important public policy goals. The Court therefore
declines to dismiss this appeal for failure to timely file and
serve a designation of record and statement of issues on appeal.

**B. The Bankruptcy Court Correctly Dismissed the Adversary
   Proceeding After Ms. Crockett Failed to File an Amended
   Complaint**

Ms. Crockett argues that the Bankruptcy Court "made an
err[or] of discretion" when it dismissed the Adversary
Proceeding. Appellant's Br., ECF No. 12 at 16. She acknowledges
that the Bankruptcy Court dismissed the case only after she
failed to timely file an amended complaint or file an extension
of time to do so according to that court's prior order. *Id.* She
states that she did not receive the Bankruptcy Court's

11

Memorandum Decision and Order re Motion to Dismiss on time
because: (1) the electronic copy "went into junk mail"; and (2)
a family member "misplaced [the physical copy mailed to her
address] in another location unbeknown to [her]." *Id.* at 17. She
also mentions the COVID-19 pandemic but does not explain how the
pandemic or related circumstances affected her ability to file.
*See id.* Nationstar does not address this issue in its opposition
briefing. *See generally* Appellee's Br., ECF No. 11.[6]

Rule 58 provides that "[e]very judgment and amended
judgment must be set out in a separate document." Fed. R. Civ.
P. 58(a); *see also* Fed. R. Bankr. P. 7058 (incorporating Rule 58
in adversary proceedings in bankruptcy court). Here, in its
Memorandum Decision and Order re Motion to Dismiss, the
Bankruptcy Court "ordered that Claims II and X of the Complaint
are dismissed with [Ms.] Crockett granted leave to file an
amended complaint regarding [her] claims under RESPA and its
regulations (other than her claim based on 12 C.F.R. § 1024.38)
within 21 days of the entry of this *Memorandum Decision and
Order*." A.R., ECF No. 2 at 39-40 (Memorandum Decision and Order
re Motion to Dismiss) (capitalization omitted). Ms. Crockett did
not file an amended complaint or request an extension of time

---

[6] Nationstar instead addresses the Bankruptcy Court's Memorandum
Decision and Order Denying Motion to Reconsider Judgment
Dismissing Adversary Proceeding. *See* Appellee's Br., ECF No. 11
at 11-12.

within 21 days of that decision. *See generally* Docket for Bankr. Action No. 19-10030. As a result, the Bankruptcy Court issued the Judgment Dismissing Adversary Proceeding, "order[ing] that this adversary proceeding is dismissed on the merits." A.R., ECF No. 2 at 41 (Judgment Dismissing Adversary Proceeding). Stated differently, the Bankruptcy Court set forth its judgment dismissing the Complaint, including the claims for which it had previously granted Ms. Crockett leave to amend. *See id.*

Ms. Crockett does not cite any legal authority to explain why the Bankruptcy Court should have ignored its prior order and the rules by which it is bound. In fact, her arguments suggest that she should have taken certain steps—such as checking her email junk folder, adding the court's email address to her contact list, and communicating about court mail with family present at her designated address—to ensure that she received communications from the court. And even so, there is no evidence that Ms. Crockett would have ever filed an amended complaint. *See generally* Docket for Bankr. Action No. 19-10030 (no entry indicating that she attempted to file or was prepared to file an amended complaint).

The Bankruptcy Court dismissed the Complaint, and Ms. Crockett failed to file an amended complaint for Claims II and X per court order. Because the entry of judgment is required by Rule 58, the Bankruptcy Court did not err or abuse its

13

discretion in entering its Judgment Dismissing Adversary
Proceeding.

### C. The Bankruptcy Court Correctly Dismissed Claim I

Ms. Crockett contends that the Bankruptcy Court "made a
clear err[or] of law," arguing that Nationstar violated the
automatic stay by participating in a status hearing at the
Superior Court of the District of Columbia ("D.C. Superior
Court") without informing that court of her second bankruptcy
petition.[7] *See* Appellant's Br., ECF No. 12 at 17-22. She alleges
that a paralegal from the law firm representing Nationstar in
the D.C. Superior Court emailed her on May 28, 2019 with a
request to cancel the May 31, 2019 status hearing "due to the
bankruptcy filing." *Id.* at 18. She contends that she "relied on
the email and assumed the hearing would be cancelled." *Id.* She
further alleges that the attorney in that case was aware of her
second bankruptcy petition but failed to inform the D.C.
Superior Court at the May 31, 2019 status hearing. *See id.* As a
result, she continues: she did not attend the hearing; the D.C.
Superior Court "lifted the [s]tay" at the hearing; the Court of
Appeals for the District of Columbia ("D.C. Court of Appeals")

---

[7] Ms. Crockett also argues that Nationstar violated the automatic
stay by making collections calls. *See* Appellant's Br., ECF No.
12 at 20-21. Because she did not raise this claim in her
Complaint, *see Crockett*, No. 19-ap-10030 (Bankr. D.D.C.), ECF
No. 1 ¶ 24 ; the Court will not address this argument here.

affirmed the D.C. Superior Court's Decree of Sale; and she experienced "stress as a result of the foreclosure moving forward." *Id.* at 18-19. She alleges that Nationstar's actions "amount[] to fraudulently omitting that fact [of the second bankruptcy petition] for the purpose of lifting the stay and financial enrichment." *Id.* at 18.

Nationstar does not dispute Ms. Crockett's factual allegations. *See* Appellee's Br., ECF No. 11 at 9. Instead, Nationstar contends that these allegations "would not change the Bankruptcy Court's [a]nalysis in [d]ismissing the Claim"— specifically, that "Nationstar took no action to resume the civil litigation, so there was no violation of the automatic stay." *Id.* Nationstar further asserts that Ms. Crockett has not met her burden to show that the Bankruptcy Court committed an error of law or abused its discretion in dismissing Claim I, arguing that the decision to lift the automatic stay "'is within the discretion of the bankruptcy judge and . . . may be overturned on appeal only for abuse of discretion.'" *Id.* at 10 (emphasis omitted) (quoting *In re Robbins*, 964 F.2d 342, 345 (4th Cir. 1992)) (citing *In re Ramarkan*, 315 B.R. 361, 363-64 (D. Md. 2004)).

As a preliminary matter, the Court clarifies that Ms. Crockett appeals the Bankruptcy Court's dismissal of Claim I,

not its decision to lift the automatic stay.[8] *See* Appellant's
Br., ECF No. 12 at 17-22. As such, the Court reviews the
Bankruptcy Court's factual findings for clear error and legal
conclusions *de novo*. *See In re Johnson*, 236 B.R. at 518; *In re
WPG, Inc.*, 282 B.R. at 68. Applying these standards, the Court
concludes that Nationstar did not violate the automatic stay
through its participation in the May 31, 2019 status hearing at
the D.C. Superior Court.

Section 362 of the Bankruptcy Code "is one of the
fundamental debtor protections provided by the bankruptcy laws,
designed to relieve the financial pressures that drove [the]
debtors into bankruptcy" by "afford[ing] [the] debtors a
breathing spell from the collection process and enabl[ing] them
to attempt a repayment or reorganization plan to satisfy
existing debt." *E. Refractories Co. v. Forty Eight Insulations
Inc.*, 157 F.3d 169, 172 (2d Cir. 1998) (alterations, citations,
and quotation marks omitted). Pursuant to this provision, the
filing of a bankruptcy petition triggers an automatic stay,
"applicable to all entities, of" most actions against the debtor
and the property of the debtor and bankruptcy estate, including
the continuation of judicial foreclosure actions against the

---

[8] Additionally, there is no indication in the record that the
Bankruptcy Court ever lifted the automatic stay. *Cf.* A.R., ECF
No. 2 at 13 (D.C. Superior Court determined that the automatic
stay was lifted because Bankr. Action No. 19-00019 was closed).

debtor. 11 U.S.C. § 362(a); *In re McGuirl*, 349 B.R. 759, 760-61 (D.D.C. 2006) (citing 11 U.S.C. § 362). Still, "[t]he automatic stay is not permanent." *In re McGuirl*, 349 B.R. at 760-61. It continues until: (1) the property is no longer property of the estate, if the action is against property of the estate; or (2) the time that the case is closed, the case is dismissed, or a discharge is granted or dismissed. 11 U.S.C. § 362(c). "The acts prohibited by the stay do not include[] . . . a status hearing in such proceeding to ascertain if the automatic stay still applies." *Steah v. Shinn*, No. CV2101265PHXJATJZB, 2023 WL 2330714, at *1 (D. Ariz. Mar. 2, 2023) (citing *In re Miller*, 262 B.R. 499, 503 (B.A.P. 9th Cir. 2001); *In re Perryman*, 631 B.R. 899, 903 (B.A.P. 9th Cir. 2021)).

Here, the D.C. Superior Court held a status hearing on May 31, 2019. *See Crockett*, No. 19-ap-10030 (Bankr. D.D.C.), ECF No. 1 ¶ 24. The record does not include an audio recording or transcript of the hearing. However, following that hearing, the D.C. Superior Court entered on the docket: "Bankruptcy case [No. 19-00019] was closed as of 05/24/2019. Bankruptcy stay is lifted. Status Hearing continued to 08/02/2019 at 10:00 AM." *See* A.R., ECF No. 2 at 13 (Memorandum Decision and Order re Motion to Dismiss). There is no indication that the D.C. Superior Court took any other action during or as a result of this hearing. Based on this evidence from the record, this Court agrees with

the Bankruptcy Court that the status hearing "served informational purposes" and did not "entail a resumption of the litigation." *Id.* at 15. Nationstar therefore did not violate the automatic stay by attending the status hearing.

The Court also concludes that Nationstar did not violate the automatic stay by failing to inform the D.C. Superior Court of the automatic stay imposed by Bankr. Action No. 19-00101. Local Bankruptcy Rule 2072-1 states: "The Debtor, petitioning creditor(s), or other party filing a bankruptcy case must promptly send notice of the bankruptcy filing to the following persons: (1) the clerk of any court where the debtor is a party to a pending civil action and all parties of record; [and] (2) chambers of any judge specially assigned to a pending civil action in which the debtor is a party." Local Bankr. R. 2072-1. Ms. Crockett states no legal authority to support her position that Nationstar—a non-petitioning creditor—had a duty to notify the D.C. Superior Court of her Chapter 13 bankruptcy petition, *see generally* Appellant's Br., ECF No. 12 at 17-22; and the Court knows no such authority.[9] Accordingly, this Court concludes

_____

[9] Ms. Crockett's argument is particularly confusing because her attorney was present at the May 31, 2019 status hearing and did not inform the D.C. Superior Court at that time of the automatic stay imposed by Bankr. Action No. 19-00101. *See Crockett*, No. 19-ap-10030 (Bankr. D.D.C.), ECF No. 1 ¶ 24.

that Nationstar did not violate the automatic stay and **AFFIRMS**
the Bankruptcy Court's dismissal of Claim I.

### D. The Court Affirms the Dismissal of Ms. Crockett's Fraudulent Misrepresentation and Unjust Enrichment Claims

Ms. Crockett next asserts that the Bankruptcy Court "made
an error of law" by dismissing Claims II, III, V, and VI.[10]
Appellant's Br., ECF No. 12 at 23. This Court addresses each
claim and, for the reasons that follow, **AFFIRMS** the Bankruptcy
Court's decision to dismiss these four claims.

#### 1. The Court Affirms the Dismissal of Claim II

Ms. Crockett contends that: the Proof of Claim contains
inaccuracies; Nationstar "knew the documents were misleading";
and Nationstar "meant to deceive for their enrichment taking
[her] property equity." Appellant's Br., ECF No. 12 at 25. She
also acknowledges that, at the time of her submission, this
Court was reviewing her appeal of the Bankruptcy Court's rulings
with respect to her Objection to the Proof of Claim. *Id.*
Nationstar asks this Court to affirm the Bankruptcy Court's
dismissal because Ms. Crockett has not identified any particular

---

[10] Ms. Crockett also argues that Nationstar violated various
consumer laws. *See id.* at 23-28. Because she did not make these
allegations in the Complaint, *see generally Crockett*, No. 19-ap-
10030 (Bankr. D.D.C.), ECF No. 1; the Court will not address
those arguments here.

error(s) of law made by the Bankruptcy Court. Appellee's Br., ECF No. 11 at 12.

This Court **AFFIRMS** the Bankruptcy Court's dismissal of Ms. Crockett's claim regarding Nationstar's Proof of Claim. In the related case, the Court explained that "Ms. Crockett had not produced sufficient evidence to meet her burden of proof to show an error in the Proof of Claim." *In re Crockett*, 2023 WL 4637000, at *3. The Court has no occasion to disturb that ruling here since: her arguments are confusing and conclusory; and she has not identified any errors in the Bankruptcy Court's rulings. *See generally* Appellant's Br., ECF No. 12 at 25 (failing to discuss evidence of inaccuracies in the Proof of Claim or alleged errors in the Bankruptcy Court's decision); Appellant's Reply, ECF No. 14-1 at 14 (raising arguments similar to those she raised in the appeal in the related case).

Ms. Crockett makes other allegations in Claim II. *See Crockett*, No. 19-ap-10030 (Bankr. D.D.C.), ECF No. 1 ¶¶ 29-41. However, her briefing here does not clearly or specifically address Nationstar's alleged violations of 12 U.S.C. § 2605(e) or of 12 C.F.R. §§ 1024.32, 1024.34, 1024.35, and 1024.38. *See generally* Appellant's Br., ECF No. 12 at 23-28; *cf.* Appellant's Reply, ECF No. 14-1 at 11 (arguing in a conclusory fashion that three exhibits consisting of QWRs "clearly state[] the required information" without any further explanation). Finding no error

with the Bankruptcy Court's analysis as to these other alleged violations, this Court therefore **AFFIRMS** the Bankruptcy Court's dismissal of Claim II.

### 2. The Court Affirms the Dismissal of Claim III

Ms. Crockett asserts that the Bankruptcy Court "made an error of law" by dismissing Claim III, but her briefing does not address the allegations in Claim III or identify any errors in the Bankruptcy Court's decision. Appellant's Br., ECF No. 12 at 23-28. Consequently, this Court **AFFIRMS** the Bankruptcy Court's dismissal of Claim III.

### 3. The Court Affirms the Dismissal of Claim V

Ms. Crockett also contends that the Bankruptcy Court dismissed Claim V in error. *See* Appellant's Br., ECF No. 12 at 23-28. Her briefing in this appeal restates the allegations she makes in the Complaint. *Compare id.*, *with Crockett*, No. 19-ap-10030 (Bankr. D.D.C.), ECF No. 1 ¶¶ 55-69. Specifically, she argues that: Nationstar has made statements and omissions that it knowingly or reasonably believed to be "untrue or misleading, amount[ing] to fraud or deceit"; Nationstar did not have the authority to exercise the power of sale when the D.C. Superior Court issued the Decree of Sale; and Nationstar submitted inaccurate documentation, including in the Proof of Claim. *See* Appellant's Br., ECF No. 12 at 23-28. She cites various legal authority, such as the Federal Rules of Civil Procedure and

unrelated caselaw, but does not explain the relevance to this appeal. *See id.*

In its opposition briefing, Nationstar argues that Ms. Crockett has not specified any errors of law in the Bankruptcy Court's decision, which dismissed Claim V for failure to plead all necessary elements of a fraud claim. *See* Appellee's Br., ECF No. 11 at 14-15. The Court agrees with this assessment. Ms. Crockett has not identified any errors in the Bankruptcy Court's analysis of Claim V. *See* Appellant's Br., ECF No. 12 at 23-28. She has also failed to cure the pleading defects discussed by the Bankruptcy Court. *Compare id.*, *with* A.R., ECF No. 2 at 28-30 (Memorandum Decision and Order re Motion to Dismiss). Accordingly, this Court **AFFIRMS** the Bankruptcy Court's dismissal of Claim V.

### 4. The Court Affirms the Dismissal of Claim VI

Ms. Crockett argues that the Bankruptcy Court "made an error of law" in dismissing Claim VI, stating that "Nationstar broke consumer trust by engaging in unfair and deceptive practices prohibited by the Consumer Financial Protection Act of 2010, as well as violations of the Real Estate Settlement Procedures Act and the Homeowner's Protection Act." Appellant's Br., ECF No. 12 at 23, 27. She also mentions a class action settlement against Nationstar by the Consumer Financial Protection Bureau but does not explain that settlement's

connection to her Complaint. *See id.* at 28; *see also Crockett*, No. 19-ap-10030 (Bankr. D.D.C.), ECF No. 1 ¶¶ 70-75.

Nationstar again points out that Ms. Crockett has failed to specify any error of law in the Bankruptcy Court's Memorandum Decision and Order re Motion to Dismiss. *See* Appellee's Br., ECF No. 11 at 15-16. The Court agrees. Ms. Crockett's briefing makes only a brief and conclusory argument as to her unjust enrichment claim and makes no reference to the Bankruptcy Court's decision. *See* Appellant's Br., ECF No. 12 at 23-28.

Ms. Crockett also contends that the Bankruptcy Court "made an error of discretion when dismissing . . . Claim VI without understanding Nationstar['s] accounting or requiring them to explain their accounting records leading to unjust enrichment." Appellant's Br., ECF No. 12 at 33 (citing *Chen v. Bell-Smith*, 768 F. Supp. 2d 121, 151 (D.D.C. 2011) (quoting *Griffith v. Barnes*, 560 F. Supp. 2d 29, 34 (D.D.C. 2008))). She states that there is an unexplained increase of $45,000 in the principal balance in the Proof of Claim and asserts that the Bankruptcy Court abused its discretion by not requiring Nationstar to explain its documents in a hearing. *See id.* Nationstar does not address this argument in its opposition briefing. *See generally* Appellee's Br., ECF No. 11 at 15-16.

The Court previously decided this issue in the related case. *See In re Crockett*, 2023 WL 4637000, at *4-5. Accordingly, this Court **AFFIRMS** the Bankruptcy Court's dismissal of Claim VI.

### E. The Court Affirms the Dismissal of Claims IV and X

Ms. Crockett next asserts that the Bankruptcy Court "made an error of law" in dismissing Claims IV and X. Appellant's Br., ECF No. 12 at 28.

As to Claim IV, she argues that "[l]ack of standing has been alleged and unsettled in both [the D.C.] Superior Court and the Bankruptcy Court." *Id.* She then recounts the history of the judicial foreclosure proceedings in the D.C. Superior Court, focusing on Nationstar and MTGLQ's actions. *See id.* at 28-29. As Nationstar points out in its opposition briefing, *see* Appellee's Br., ECF No. 11 at 13-14; Ms. Crockett neither explains how Nationstar lacked standing nor specifies any errors of law committed by the Bankruptcy Court, *see* Appellant's Br., ECF No. 12 at 28-31. This Court therefore **AFFIRMS** the Bankruptcy Court's dismissal of Claim IV.

Ms. Crockett also argues that she suffered damages because she had to file for bankruptcy to preserve her primary residence. *Id.* at 29. She states that this filing affected her credit and asserts that Nationstar's actions are "unconscionable." *Id.* She cites various federal and local statutes but does not explain how those authorities pertain to

24

her arguments on appeal. *Id.* at 29-31, 34. The Court agrees with Nationstar that Ms. Crockett has failed to specify any errors of law in the Memorandum Decision and Order re Motion to Dismiss. *See* Appellee's Br., ECF No. 11 at 20. Further, her arguments here—like her allegations in the Complaint—are conclusory, so this Court **AFFIRMS** the Bankruptcy Court's decision to dismiss Claim X.

### F. The Court Affirms the Dismissal of Claim VII

Ms. Crockett contends that the Bankruptcy Court "made an error of law" by dismissing Claim VII. Appellant's Br., ECF No. 12 at 33. She states that she "intended to bring this claim under D.C. Code § 28-3904(r)" but does not explain if or how she has pleaded the necessary elements of a claim under that statute. *Id.* (citing D.C. Code § 28-3904(r); *Johnson v. Long Beach Mortg. Loan Tr. 2001-4*, 451 F. Supp. 2d 16, 37 (D.D.C. 2006) (quoting D.C. Code § 28-3904(r))). She argues that "any reasonable person would deem Nationstar['s] behavior unconscionable at best and criminal at . . . worst" and that the Bankruptcy Court "ignor[ed] and minimiz[ed]" Nationstar's actions in its ruling. *Id.* at 33-34.

Nationstar argues that Ms. Crockett has not specified any error of law made by the Bankruptcy Court. Appellee's Br., ECF No. 11 at 17. This Court agrees that she has not responded to the Bankruptcy Court's decision. In the Memorandum Decision and

Order re Motion to Dismiss, the Bankruptcy Court dismissed Claim VII for two reasons. *See* A.R., ECF No. 2 at 31-32 (Memorandum Decision and Order re Motion to Dismiss). First, that court determined that Ms. Crockett's allegations were "all conclusory allegations that do not pass muster under Rule 12(b)(6)." *Id.* at 31. Second, the Bankruptcy Court concluded that Claim VII "is insufficient as a matter of law" because "[c]ourts in this jurisdiction have found that the crediting and accounting of mortgage payments and the initiation of foreclosure proceedings do not rise to the extreme or outrageous level necessary to support a claim for intentional infliction of emotional distress." *Id.* at 32 (citing *Ihebereme v. Capital One, N.A.*, 730 F. Supp. 2d 40, 55 (D.D.C. 2012); *Avila v. CitiMortgage, Inc.*, 45 F. Supp. 3d 110, 121 (D.D.C. 2014)). This Court agrees with the Bankruptcy Court's analysis and conclusion and therefore **AFFIRMS** the Bankruptcy Court's dismissal of Claim VII.

### G. The Court Affirms the Dismissal of Claims VIII and IX

Ms. Crockett argues that the Bankruptcy Court "made an error of discretion" by dismissing Claims VIII, IX, and XI.[11]

---

[11] Ms. Crockett does not allege a Claim XI in her Complaint. *See generally Crockett*, No. 19-ap-10030 (Bankr. D.D.C.), ECF No. 1. The Court assumes that she is referring to Section XI of the Bankruptcy Court's Memorandum Decision and Order re Motion to Dismiss, in which that court discusses her request for punitive damages. *See* A.R., ECF No. 2 at 38 (Memorandum Decision and Order re Motion to Dismiss).

Appellant's Br., ECF No. 12 at 34. She recites part of 15 U.S.C. § 1692 and Fed. R. Civ. P. 8, but she does not explain the alleged "error of discretion." *See id.*

Ms. Crockett also contends that the Bankruptcy Court "made an error of law" by dismissing Claims IX and XI.[12] Appellant's Br., ECF No. 12 at 31. She claims that Nationstar violated the Fair Debt Collection Act because it "knowingly forged documents, kept inaccurate accounting records, and falsified testimony or omitted material facts." *Id.* at 32. She also alleges that Nationstar engaged in predatory loan practices in violation of local law. *See id.* Finally, she discusses various federal programs pertaining to residential mortgages and states that she was not offered relief pursuant to any of these programs. *See id.* at 32-33.

The Court agrees with Nationstar that Ms. Crockett has failed to specify any error of law or abuse of discretion made by the Bankruptcy Court. *See* Appellee's Br., ECF No. 11 at 17-21. Moreover, rather than discuss the allegations in the Complaint, she raises new allegations with respect to Claims VIII and IX. *Compare* Appellant's Br., ECF No. 12 at 31-34, *with Crockett*, No. 19-ap-10030 (Bankr. D.D.C.), ECF No. 1 ¶¶ 85-89.

---

[12] Again, the Court will not address Claim XI, as she did not allege a Claim XI in the Complaint. *See supra*.

Accordingly, this Court **AFFIRMS** the Bankruptcy Court's dismissal of these claims.

## IV.  Conclusion

For the foregoing reasons, this Court **AFFIRMS** the Bankruptcy Court's Memorandum Decision and Order re Motion to Dismiss; **AFFIRMS** the Bankruptcy Court's Judgment Dismissing Adversary Proceeding; **AFFIRMS** the Bankruptcy Court's Order Dismissing Two Miscellaneous Motions as Moot; and **AFFIRMS** the Bankruptcy Court's Memorandum Decision and Order Denying Motion to Reconsider Judgment Dismissing Adversary Proceeding. An appropriate Order accompanies this Memorandum Opinion.

**SO ORDERED.**

**Signed:**    **Emmet G. Sullivan**
           **United States District Judge**
           **August 15, 2023**